UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-20552-CR-COHN

UNITED STATES OF AMERICA,

vs.

MELBA ALAMO GONZALEZ,

       Defendant.
_____/



### ORDER DENYING DEFENDANT'S AMENDED MOTION TO SUPPRESS

**THIS CAUSE** is before the Court on Defendant Melba Alamo Gonzalez's Amended Motion to Suppress the Fruits of a Search of the Car in Which She Was a Passenger and Incorporated Memorandum of Law [DE 110]. The Court conducted an evidentiary hearing on today's date which consisted of the testimony of Drug Enforcement Administration ("DEA") Special Agent Frank Saldana and a composite exhibit containing transcripts of undercover recorded conversations. In addition, the Court heard argument of counsel for the parties, and is fully advised in the premises.

The Court makes the following findings of fact by a preponderance of the evidence:

1. A court ordered wiretap revealed conversations between Defendants, William M. Gonzalez-Morales, Damian Jesus Marti, and Ivan Gutierrez Cuellar, occurring between October 19, 2007 and October 24, 2007. These conversations are evidenced

by the transcripts admitted in evidence as Government's Exhibit 1.

2. It was reasonable for the DEA Case Agent Brian Garmond to conclude that these conversations related to the transportation and delivery of controlled substances.

3. Surveillance was conducted of the Defendant Marti's house from at least 5:05 p.m. to 8:23 p.m. on October 24, 2007.  Defendant Gutierrez and Defendant Melba Alamo Gonzalez were observed leaving Marti's house in a silver Jeep Cherokee vehicle.

4. The surveillance revealed Gutierrez's vehicle parked at Marti's house, a maroon vehicle arrived (believed to be Marti's mother's vehicle), and a black Ford F-150 pick-up truck.  Gutierrez went out to the pick-up truck and leaned in the driver's window for about five minutes.  The pick-up truck then left the area.  Twenty-five minutes later, Gutierrez and Defendant Alamo Gonzalez left in Gutierrez's vehicle.

5. Agent Saldana received a call from Case Agent Garmond advising that Gutierrez had come to Miami to pick up the drugs to take to Defendant William M. Gonzalez-Morales in Key West.  When Gutierrez and Alamo Gonzalez left Marti's house at 8:23 p.m. on October 24, 2007, the DEA agents had probable cause to believe they were transporting controlled substances to Key West.

6. Defendant Gutierrez's vehicle was stopped by a Miami detective for a traffic violation, reckless driving.  This was based on the observations of excessive speed and changing of lanes endangering other vehicles.  Although Agent Saldana testified that Gutierrez's vehicle would have been stopped regardless of a traffic violation, the Court finds that there is sufficient credible evidence to establish Gutierrez's erratic driving pattern.  In addition, there is no evidence of an ulterior motive on the part of the Miami

detective. Accordingly, probable cause is also found for the traffic stop for reckless driving.

7. As Gutierrez's vehicle was coming to a stop, officers observed something being thrown out of the window on the passenger side of the vehicle. These items were recovered and found to be cocaine.

8. A search of Defendant Alamo Gonzalez's purse revealed a wallet which contained approximately 1/4 of a kilogram of cocaine.

The Court makes the following conclusions of law:

1. Probable cause existed to believe controlled substances were being transported in Gutierrez's vehicle at the time it was stopped. See Chambers v. Maroney, 399 U.S. 42 (1970); United States v. Watts, 329 F.3d 1282 (11th Cir. 2003).

2. Probable cause existed to believe that a traffic violation had occurred prior to the stop. See Whren v. United States, 517 U.S. 806 (1996); United States v. Griffin, 109 F.3d 706 (11th Cir. 1997).

3. Since probable cause existed, the DEA agents were justified in searching all containers in the vehicle including Defendant Alamo Gonzalez's purse. See Wyoming v. Houghton, 526 U.S. 295 (1999).

4. The cocaine thrown from the passenger window is considered abandoned property as there could be no expectation of privacy. See United States v. Ramos, 12 F.3d 1019 (11th Cir. 1994); United States v. Cofield, 272 F.3d 1303 (11th Cir. 2001).

It is thereupon

**ORDERED AND ADJUDGED** that Defendant Melba Alamo Gonzalez's Amended Motion to Suppress the Fruits of a Search of the Car in Which She Was a

Passenger and Incorporated Memorandum of Law [DE 110] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 13th day of November, 2008.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record